# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHERRI GILLESPIE and TRAVIS GILLESPIE,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )     **CASE NO.: 12-CV-012-JHP** |
| | ) |
| **JP MORGAN CHASE,**<br>**JP MORGAN CHASE, NATIONAL ASSOCIATION, successor by merger to CHASE HOME FINANCE, LLC, and OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Remand,[1] Defendant's Response to Plaintiffs' Motion to Remand,[2] and Plaintiffs' Reply to Defendant's Response to Motion to Remand.[3] For the reasons detailed below, Plaintiffs' Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiffs' filed the instant suit in Seminole County District Court on October 28, 2011 alleging seven causes of action: breach of contract, negligence, violation of the Real Estate Settlement Procedures Act (RESPA), breach of the duty of good faith, unjust enrichment and breach

---

[1] Docket No. 14.

[2] Docket No. 24.

[3] Docket No. 26.

1

of fiduciary duty against Defendant J.P. Morgan Chase Bank, National Association and negligence as against Defendant Farm Bureau Mutual Insurance Company.[4] Plaintiffs' Petition also included a claim for punitive damages.[5] Defendant Chase was served with Plaintiffs' Petition on December 8, 2011.[6] On January 6, 2012, Plaintiffs' amended their state court Petition, dismissing any causes of action based on RESPA.[7]

Defendant timely filed a Notice of Removal with this Court on January 9, 2012, citing that Plaintiffs' RESPA claims invoked federal question jurisdiction pursuant to 28 U.S.C. §1331, and removal was therefore proper under 28 U.S.C. §1446(b).[8] The Court notes that at the time of removal, Plaintiffs' Petition had been amended, and no longer included any claim for RESPA violations.[9]

## **DISCUSSION**

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."[10] Here, Defendant, as

---

[4]Petition at 1-8, Docket No. 2-1. J.P. Morgan Chase Bank, National Association is the successor by merger to original party Chase Home Finance L.L.C. *See* Docket No. 8.

[5]Petition at 7-8, Docket No. 2-1.

[6]Notice of Removal at 1, Docket No. 2.

[7]Amended Petition at 1, Docket No. 14-1.

[8]Notice of Removal 1, 3, Docket No. 2. Diversity jurisdiction is inapplicable in this case. Defendant Oklahoma Farm Bureau Mutual Insurance Company is headquartered in Oklahoma, with a principal place of business in Oklahoma. *See* Motion to Remand at 2, Docket No. 14. The Plaintiffs are domiciled in Oklahoma. Therefore there is not complete diversity as is required for the Court to invoke its diversity jurisdiction under 28 U.S.C. §1332.

[9]*See* Amended Petition at 1, Docket No. 14-1.

[10]*Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).

2

the party invoking federal jurisdiction, bears the burden of establishing the existence of original subject matter jurisdiction.[11] Removal is generally disfavored, and where plaintiff and defendant disagree as to jurisdiction, any uncertainties are resolved in favor of remand.[12] The jurisdictional statute invoked by the instant Defendant, 28 U.S.C. § 1331, authorizes federal district courts to hear civil actions "arising under the Constitution, laws or treaties of the United States."

A case "arises under" federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law embedded in the plaintiff's state-law claims.[13] The decision to provide a federal forum for resolving significant federal issues embedded in state-law claims was based on policy considerations that preclude "a single, precise, all-embracing test."[14] However, the Supreme Court has provided the following guidance:

> "[F]ederal issue" [is not] a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?
>
> To establish federal-question jurisdiction, the federal question giving rise to jurisdiction must

---

[11]*See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995).

[12]*See Martin.*, 251 F.3d 1284, 1290 (10thCir.2001) (*citation omitted*)

[13]*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (*internal quotation omitted*).

[14]*See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (*internal quotation omitted*).

3

be "presented on the face of the plaintiff's properly pleaded complaint."[15] Under this "well-pleaded complaint" rule, a suit "arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law."[16] "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[17]

This well-pleaded complaint rule is not absolute however, as "a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of his claim."[18] When such an attempt to defeat removal is alleged, the artful pleading doctrine allows federal courts look beyond the complaint and retain jurisdiction over state law claims that implicate a substantial, disputed federal question.[19] However, the scope of this exception is limited, as "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[20]

Here, Plaintiffs' Amended Complaint, filed before removal, alleges only state law claims,

---

[15]*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *see also Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir.2006).

[16]*Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1060 (10th Cir.2006) (internal quotation omitted). Here Defendant specifically rejects any argument of complete preemption, therefore the Court does not address the issue of RESPA preemption. *See* Defendant's Response to Plaintiffs' Motion for Remand at 10, n.4, Docket No. 24.

[17]*Caterpillar,* 482 U.S. at 392.

[18]*Turgeau*, 446 F.3d at 1060–61(*internal citations omitted*); *see also Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

[19]*Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10thCir.1996)

[20]*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

specifically dismissing any claim under the RESPA.[21] Further, Defendant has failed to offer any serious federal interest in this case or any substantial question of federal law that must be resolved in order for Plaintiffs to receive relief on the claims listed on the face of their Amended Petition. Defendant merely states that the terms of the contract at issue implicate the RESPA.[22] In fact, Defendant's Amended Notice of Removal evidently alleges that the RESPA *is* the substantial question of federal law required to invoke this Court's jurisdiction.[23]

Contrary to Defendant's assertions, any state court considering Plaintiffs' breach of contract claims will not necessarily need to determine whether or not Defendant violated RESPA.[24] Rather, the state court will ask whether Plaintiffs have adequately pled and proven the elements of all their state-law claims. Although this may require review and possibly even some application of the RESPA, such analysis will not require the state court to resolve any *substantial* questions of the RESPA or any other federal law.[25]

Although some of Plaintiffs' allegations could be used to form the basis for a federal claim

---

[21]See Complaint at 1-8, Docket No. 2-2; Amended Complaint at 1, Docket No. 14-1.

[22]Defendant's Response to Plaintiffs' Motion for Remand at 8, Docket No. 24 ("The specific terms of the mortgage pertaining to the lender's obligations concerning the escrow account are tied to the RESPA, based upon the RESPA, and defined by the RESPA")..

[23]Defendant's Amended Notice of Removal at 4, docket No. 9 ("Clearly, Plaintiffs' right to relief against Chase depends on resolution by this court of questions of federal law - RESPA").

[24]Defendant's Response to Plaintiffs' Motion for Remand at 9, Docket No. 24.

[25]The Court reiterates, §1331 requires a *substantial* question of federal law in order invoke jurisdiction over alleged federal issues embedded in state law claims. *Grable*, 545 U.S. at 313 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum").

under the RESPA, this does not make Plaintiffs' state-law breach of contract claim into a federal cause of action.[26] Despite having a cognizable claim under the RESPA, the Plaintiffs can and do avoid federal jurisdiction by their exclusive reliance on state law.[27] The possibility that a state court may have to apply elements of the RESPA to the Plaintiffs' state-law claims does not create a substantial, disputed question of federal law that automatically opens the "arising under" door to federal jurisdiction.[28]

Ultimately, Defendant fails to show a substantial question of federal law embedded in the state-law claims listed on the face of Plaintiffs' Amended Petition. Further, Defendant does not argue that federal law creates any of Plaintiffs' remaining causes of action. As such, Defendant cannot invoke this Court's original subject matter jurisdiction under §1331. As the Court lacks subject matter jurisdiction, the Court must remand this case to state court pursuant to 28 U.S.C. § 1447(c).[29]

---

[26]See *Pan American Petro. Corp. v. Superior Court*, 366 U.S. 656, 662-63, 81 S.Ct. 1303, 1307-08, 6 L.Ed.2d 584 (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon") (*quoting Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed. 716 (1913)).

[27]*See Caterpillar*, 482 at 392.

[28]*See Grable*, 545 U.S. at 313. *See also, e.g., Cornelius v. U.S. Bank Nat. Ass'n*, Slip Copy, 2011 WL 5965306, *2 (11thCir.2011) (*per curiam*)(except for bare mention of the RESPA, there is no reference to federal law in plaintiff's complaint)(cited pursuant to Fed.R.App.P. 32.1; 10thCir. R. 32.1).

[29]Because the Court remands this case based on the lack of a federal question on the face of Plaintiffs' Petition, it need not reach Plaintiffs' procedural arguments that Defendant Oklahoma Farm Bureau Mutual Insurance Company did not properly consent to removal. *See* Motion to Remand at 7-8, Docket No.14.

## **CONCLUSION**

For the reasons state above, Plaintiffs' Motion to Remand is **GRANTED**.[30] The Court Clerk is ordered to **REMAND** this case to the District Court of Seminole County, Oklahoma.

ORDERED this 16th day of March, 2012.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[30] Docket 14.